UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

KIRK PERNELL JOHNSON,

                Plaintiff,

v.                                           Case No. 24-cv-242-pp

NURSE LAUREN CLEXTON, *et al.*,

                Defendant.

**ORDER SCREENING AMENDED COMPLAINT (DKT. NO. 10)
AND DISMISSING CASE**

Plaintiff Kirk Pernell Johnson, who currently is incarcerated at the Drug Abuse Correctional Center and is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his rights have been violated. The court screened the complaint and determined that it did not state a claim. Dkt. No. 9 at 4-5. The court gave the plaintiff an opportunity to file an amended complaint; he did so, and this order screens the amended complaint. Dkt. No. 5.

**I.    Screening the Amended Complaint**

    A.    <u>Federal Screening Standard</u>

Under the Prison Litigation Reform Act, the court must screen complaints brought by incarcerated persons seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the incarcerated plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief

1

may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter Cnty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes liberally complaints filed by plaintiffs who are representing themselves and holds such complaints to a less

stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B. Amended Complaint's Allegations

The plaintiff alleges that he was prescribed atorvastatin from October 17, 2023 through January 5, 2024, while he was at Milwaukee County Community Reintegration Center and at Milwaukee Secure Detention Facility (MSDF). Dkt. No. 10 at 3. He states that defendant Nurse Lauren Clexton prescribed him atorvastatin that had been recalled in the early 2000's and that defendant Dr. Chester denied the plaintiff access to an outsider's opinion on his conditions. Id. at 2. The plaintiff alleges that he believes that Clexton and Chester knew the risk of taking the atorvastatin cholesterol medication, which put him at risk of developing "major health issues." Id. The plaintiff states that when he complained about leg pain a nurse told him that "statin" was the problem and "took them off [the plaintiff's] possession." Id. at 3. He alleges that this happened because nurses and doctors do not screen their medication before it comes into the facilities, "nor do they care to inform patients that trust them with their lives, on the major side effect or risk [] of taking a certain medication[.]" Id. For relief, the plaintiff seeks compensation for pain and suffering due to the defendants' negligence, for drugs to be screened before entering an institution and release from custody. Id. at 4.

C. Analysis

It is not clear whether the plaintiff was in the Rehabilitation Center and MSDF as a pretrial detainee or as a criminally convicted person during the

3

events described in the complaint. If he was a "pretrial detainee," his rights arise out of the Fourteenth Amendment's Due Process Clause; if he was a criminally convicted incarcerated individual, his rights arise out of the Eighth Amendment. See Miranda v. County of Lake, 900 F.3d 335, 350-51 (7th Cir. 2018) (explaining that an objective reasonableness standard applies to claims brought by pretrial detainees while a deliberate indifference standard applies to claims brought by incarcerated persons).

A §1983 claim that a state pretrial detainee has received inadequate medical care is predicated on the rights secured by the Fourteenth Amendment's Due Process Clause. James v. Hale, 959 F.3d 307, 318 (7th Cir. 2020) (citing Miranda, 900 F.3d 335, 346-47 (7th Cir. 2018)). Claims of inadequate medical care while in pretrial detention are subject to an objective reasonableness standard. Id. (citing Miranda, 900 F.3d at 352). The plaintiff bears the burden to demonstrate objective unreasonableness, and he must make a two-part showing. Id. First, he must show that the defendants acted purposefully, knowingly or recklessly when considering the consequences of their response to the medical condition at issue in the case. Id. (citing McCann v. Ogle County, Ill., 909 F.3d 881, 886 (7th Cir. 2018)). Second, the plaintiff must show that the challenged conduct was objectively unreasonable given the totality of the relevant facts and circumstances. Id.

A prison official violates the Eighth Amendment's prohibition against cruel and unusual punishment when he or she acts with deliberate indifference to the serious medical need of an incarcerated individual. Cesal v. Moats, 851

4

F.3d 714, 720-21 (7th Cir. 2017) (citing Estelle v. Gamble, 429 U.S. 97, 104-05 (1976)). To state a claim for deliberate indifference for deficient medical care, the plaintiff "must allege an objectively serious medical condition and an official's deliberate indifference to that condition." Id. at 721 (quoting Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)). An objectively serious medical need is one that either has been diagnosed by a physician and demands treatment or is "so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Id. (quoting King v. Kramer, 680 F.3d 1013, 1018 (7th Cir. 2012)). The deliberate indifference standard is subjective and requires a plaintiff to allege that the official knew of, but disregarded, a substantial risk to the individual's health. Id. (citing Farmer v. Brennan, 511 U.S. 825, 836-38 (1994); Greeno v. Daley, 414 F.3d 645, 653 (7th Cir. 2005)).

The court determined that the original complaint did not state a claim regarding the plaintiff's allegations that he was prescribed atorvastatin, because the plaintiff did not allege that any defendant knowingly prescribed him medication that had been recalled. Dkt. No. 9 at 6. The court also stated that the plaintiff might be alleging that he had not been provided medical care for his leg condition and that he could file an amended complaint regarding those allegations. Id. The amended complaint does not allege that the plaintiff did not receive treatment for his leg condition. It alleges that the defendants prescribed him medication that had been recalled, which put him at risk for major health issues. He seeks damages based on the defendants' alleged negligence in prescribing him the medication.

5

The plaintiff has not stated a claim for violation of his constitutional rights. He does not allege that any defendant *knowingly* caused him harm by prescribing him atorvastatin. At most, the plaintiff may allege that a mistake was committed in prescribing him the medication. However, a mistake—negligence—is not sufficient to state a constitutional claim under §1983. See Johnson v. Dominguez, 5 F.4th 818, 825 (7th Cir. 2021); James, 959 F.3d at 318. The plaintiff's amended complaint fails to state a claim under §1983. The court will dismiss the case.

## II.  Conclusion

The court **ORDERS** that this case is **DISMISSED** under 28 U.S.C. §§1915(e)(2)(B) and 1915A(b)(1) because the amended complaint fails to state a claim. The clerk will enter judgment accordingly.

The court will document that the plaintiff has incurred a "strike" under 28 U.S.C. §1915(g). The court will email a copy of this order to DLSFedOrdersEastCL@doj.state.wi.us.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. See Federal Rules of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. See Fed. Rule of App. P. 4(a)(5)(A).). If the plaintiff appeals, he will be liable for the $605 appellate filing fee regardless of the outcome of the appeal. If the plaintiff seeks

6

to proceed on appeal without prepaying the appellate filing fee, he must file a motion *in this court*. See Fed. R. App. P. 24(a)(1). The plaintiff may be assessed another "strike" by the Court of Appeals if it concludes that his appeal has no merit. If the plaintiff accumulates three strikes, he will not be able to file a case in federal court (except a petition for *habeas corpus* relief) without prepaying the full filing fee unless he demonstrates that he is in imminent danger of serious physical injury. Id.

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Rule 59(e) must be filed within **28 days** of the entry of judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2). Any motion under Rule 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2).

The court expects parties to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 30th day of September, 2024.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**