UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

KIRK PERNELL JOHNSON,

                         Plaintiff,

v.                                             Case No. 24-cv-242-pp

NURSE LAUREN CLEXTON, *et al.*,

                         Defendants.

**ORDER DENYING PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT (DKT. NO. 16)**

      Plaintiff Kirk Pernell Johnson, who previously was incarcerated and is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his rights have been violated. The court screened the original complaint under 28 U.S.C. §1915A, determined that it did not state a claim and gave the plaintiff a chance to file an amended complaint. Dkt. No. 9. On September 30, 2024, the court screened the amended complaint and dismissed the case for failure to state a claim. Dkt. No. 14. The court entered judgment the same day. Dkt. No. 15. The plaintiff has filed a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e). Dkt. No. 16.

      "Rule 59(e) allows a court to alter or amend a judgment only if the petitioner can demonstrate a manifest error of law or present newly discovered evidence." Obriecht v. Raemisch, 517 F.3d 489, 494 (7th Cir. 2008) (citing Sigsworth v. City of Aurora, 487 F.3d 506, 511-12 (7th Cir. 2007)). Whether to

1

grant a motion to amend judgment "is entrusted to the sound judgment of the district court." In re Prince, 85 F.3d 314, 324 (7th Cir. 1996).

The plaintiff's motion does not identify any newly discovered evidence, which means that under Rule 59(e), he is entitled to relief only if he can demonstrate that the court's ruling constituted a manifest error of law. A "manifest error of law" "is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" Oto v. Metropolitan Life Ins. Co., 224 F.2d 601, 606 (7th Cir. 2000) (quoting Sedrak v. Callahan, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997)).

The plaintiff asks the court to allow him to "proceed on an amended statement of claim." Dkt. No. 16 at 1. He states that after the court determined that his amended complaint failed to state a claim and dismissed his case, another incarcerated individual offered to help him. Id. at 2. The plaintiff's motion includes a section titled "Statement of Claim" in which he clarifies that he was a "criminally convicted person" while incarcerated at the Milwaukee County Community Reintegration Center from October 17, 2023 through November 7, 2023. Id. The plaintiff reiterates some of his allegations from his amended complaint. He states that Nurse Lauren Clexton prescribed him Atorbastatin to manage his cholesterol without telling him about the side effects of the medication. Id. The plaintiff states that he was transferred to the Milwaukee Secure Detention Facility on November 7, 2023, where he told a nurse that since he had been taking a cholesterol pill he had been experiencing

2

pain and fatigue in his legs. Id. at 3. The nurse allegedly told the plaintiff that it probably was arthritis and reordered the medication via Dr. Joseph McClean. Id. They did not give the plaintiff a list of the side effects and precautions nor did other medical staff. Id. at 4. The plaintiff states that on January 5, 2024, Nurse Meredith told him to stop taking the medication because it was recalled and known to deteriorate muscle tissue in legs. Id. at 5. He says that his leg pain and fatigue began to improve but that he now must use a cane. Id.

The court's order screening the amended complaint and dismissing the case states in relevant part:

> The court determined that the original complaint did not state a claim regarding the plaintiff's allegations that he was prescribed atorvastatin, because the plaintiff did not allege that any defendant knowingly prescribed him medication that had been recalled. Dkt. No. 9 at 6. The court also stated that the plaintiff might be alleging that he had not been provided medical care for his leg condition and that he could file an amended complaint regarding those allegations. Id. The amended complaint does not allege that the plaintiff did not receive treatment for his leg condition. It alleges that the defendants prescribed him medication that had been recalled, which put him at risk for major health issues. He seeks damages based on the defendants' alleged negligence in prescribing him the medication.
>
> The plaintiff has not stated a claim for violation of his constitutional rights. He does not allege that any defendant knowingly caused him harm by prescribing him atorvastatin. At most, the plaintiff may allege that a mistake was committed in prescribing him the medication. However, a mistake—negligence— is not sufficient to state a constitutional claim under §1983. See Johnson v. Dominguez, 5 F.4th 818, 825 (7th Cir. 2021); James, 959 F.3d at 318. The plaintiff's amended complaint fails to state a claim under §1983. The court will dismiss the case.

Dkt. No. 14 at 5-6.

In his motion to alter or amend judgment, the plaintiff asks to file another complaint; he does not argue that the court's order dismissing the case

3

contains an error of law. The plaintiff's motion simply reiterates allegations that the court has already determined do not state a claim. The plaintiff has not shown that he is entitled to relief under Rule 59(e). The court will deny the plaintiff's motion to alter or amend judgment.

The court **DENIES** the plaintiff's motion to alter or amend judgment. Dkt. No. 16.

Dated in Milwaukee, Wisconsin this 10th day of February, 2025.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**